**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNE M. JOHNSTON, | No. 12-16131 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01067-JRG |
| v. | |
| PATRICK R. DONAHOE, Postmaster General, United States Postal Service, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Joseph R. Goodwin, Chief District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Anne Johnston appeals the district court's dismissal of her unlawful

termination claim against Postmaster General Patrick Donahoe. Specifically, she

argues that the district court on summary judgment erred in failing to consider

whether she had been terminated for activity protected under the participation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

clause of Title VII.   We may affirm a grant of summary judgment on any ground supported by the record, *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009), and we do so here.

Even assuming that Johnston raised sufficient arguments under the participation clause such that the district court should have ruled on the issue, and even assuming that Johnston established a prima facie case of retaliatory termination at the first step of the three-step, burden-shifting test from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), summary judgment was nonetheless properly granted because Johnston failed to demonstrate that the nonretaliatory reasons offered by the United States Postal Service ("USPS") for her termination were pretextual.

In the exhibits accompanying the Postmaster General's motion for summary judgment, Postmaster Day made clear that Johnston was fired because her unauthorized possession of photocopies of confidential USPS documents outside the office resulted in a fundamental breach of trust in the employer/employee relationship.  Moreover, the Notice of Removal issued by USPS noted that Johnston's actions violated a number of USPS standards of conduct.  In response, Johnston merely reiterated her allegation that USPS had terminated her

2

employment based on "unauthorized possession of postal records," which represented "retaliation for engaging in protected activity."

USPS did not contravene Title VII in terminating Johnston's employment on the nonretaliatory bases it proffered, and Johnston failed to refute the legitimacy of USPS's actions or show that they were pretextual in nature. *See Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (affirming summary judgment where the employee "establish[ed] a minimal prima facie case of retaliation" under the participation clause, but "[did] nothing to refute the government's proferred [sic] legitimate reasons for disciplining [him]").

**AFFIRMED.**